# JOHN DRYDEN

## v.

## JEROME B. NEWMAN.

### *Filed at Ottawa January 25, 1886.*

1. LIMITATION—*under act of 1839*—*right limited to the color of title, as to its extent.* In 1856, the owner of the undivided one-third of a tract of land made a warranty deed to A, purporting to convey to him the undivided two-thirds of the same, and A, in 1866, executed a similar deed to B, purporting to convey a like interest. A and B held possession of the premises and paid all taxes thereon for more than seven successive years, the latter claiming the entire interest in the same: *Held*, that as B's color of title was for only an undivided two-thirds, his title, under the Limitation law of 1839, as against the other co-tenant, must prevail to the extent of his color of title, but no further.

2. It is well settled that under the Limitation act of 1839, the color of title of a party must be co-extensive with his claim of title.

3. SAME—*twenty years as against tenant in common.* To bar the right of entry of one tenant in common by twenty years' actual possession of land by his co-tenant, not under color of title, such possession must be so adverse and hostile in its character as to amount to a constructive ouster of the former.

APPEAL from the Circuit Court of Stark county; the Hon. N. M. LAWS, Judge, presiding.

Mr. MILES A. FULLER, and Mr. M. SHALLENBERGER, for the appellant:

Every possession is adverse when not subservient to the title of another, either by a direct acknowledgment of some kind, or an open or tacit disavowal of right on the part of the occupant. Tyler on Ejectment, 861; *United States* v. *Arredonda*, 6 Pet. 743; *Clark* v. *Courtney*, 6 id. 354.

Such possession need not be under any deed or other muniment of title, nor any rightful claim. It is sufficient if it be actual, visible and exclusive, and acquired and retained under claim of title inconsistent with that of the true owner. *Turney* v. *Chamberlain*, 15 Ill. 273.

It must be open, and of such a character as to clearly show that the occupant claims the land as his own, exclusively. *Ambrose* v. *Raley*, 58 Ill. 509; *McClellan* v. *Kellogg*, 17 id. 498.

Such possession is construed co-extensive with the land described in his deed, under which he entered. *Turney* v. *Chamberlain*, 15 Ill. 273.

Whether an entry is for a party's exclusive benefit, or in common with others, depends upon the intent with which it was made, (Angell on Limitations, sec. 429,) and that intent is best shown by the conduct of him who enters, and his management of the estate. *Dubois* v. *Campau*, 28 Mich. 309.

Here the entry is by a several title, and none of the obligations resting upon co-tenants receiving title by the same conveyance, exist. Allwood was not required to protect their interests. To him and to his title they were strangers. *Frentz* v. *Klotsh*, 28 Wis. 318; *Wright* v. *Sperry*, 21 id. 343.

Mr. W. W. WRIGHT, for the appellee:

As a general rule the Statute of Limitations does not run as between tenants in common, especially where all parties derive title from the same deed. Angell on Limitations, 422, 423; *Dugan* v. *Follett*, 100 Ill. 588.

Prior to the defendant's purchase he no doubt occupied the relation of co-tenant, and so long as that relation existed, the possesion and payment of taxes, however long continued, could not be relied upon as a bar to recovery. In such cases the Statute of Limitations does not apply. *Winters* v. *Haines*, 84 Ill. 589.

Where a party is in possession in privity with the rightful owner, nothing short of an open, explicit disavowal of a holding under that title, and an assertion of title in himself brought home to the owner, will satisfy the law. *Floyd* v. *Mintsey*, 7 Rich. 181.

The rule is, that to constitute an adverse possession it must be hostile in its inception, and not only that, it must

be an actual, visible and exclusive possession, acquired and retained under claim of title inconsistent with that of the true owner. *Turney* v. *Chamberlain*, 15 Ill. 271; *Bolden* v. *Sherman*, 101 id. 483.

It is a general rule of law that all acts done by the co-tenant relating to or affecting the common property, are presumed to have been done for the benefit of all the co-tenants. *West Chicago Park Comrs.* v. *Coleman*, 108 Ill. 591.

It would seem that the Statute of Limitations does not run in favor of one against another tenant in common. If, however, there has been an actual ouster and adverse holding, the Statute of Limitations will run from the time of such ouster and adverse possession. Tyler on Ejectment, 112, 927; 1 Green, 91; *Nicoll* v. *Scott*, 99 Ill. 529; Angell on Limitations, sec. 435.

Mr. Chief Justice Mulkey delivered the opinion of the Court:

The appellee, Jerome B. Newman, on the 31st day of August, 1882, filed in the Stark circuit court a bill in chancery, against John Dryden, the appellant, praying for the partition of a certain tract of land situate in said county, consisting of forty-nine acres. Appellee, by his bill, claimed to be owner in fee of two-thirds of the premises, and conceded the other third to belong to the appellant. The latter answered denying the tenancy in common, and asserting exclusive ownership to the entire premises. Appellant relies, in part, upon possession and payment of all taxes for seven years under claim and color of title made in good faith, and also upon actual possession, by himself and those through whom he claims, for a period of over twenty years. These defences are both specially set up in the answer. Upon the hearing, the court found appellee to be the owner in fee of one undivided third part of the premises, and appellant to be

owner of a like estate in the residue, and entered a decree accordingly, to reverse which this appeal is brought.

It is not necessary for the purposes of this opinion to set out the particulars of the titles respectively relied on by the parties to this suit. It is sufficient to say, that leaving out of view the Statute of Limitations, each of them has shown a clear, connected chain of title to an undivided interest in the land,—appellee to two-thirds, and appellant to one-third. This being so, it follows the trial court must have found that one-half of appellee's interest was barred by the Statute of Limitations, thus leaving his title good to but a third instead of two-thirds of the property, and we are of opinion the proofs fully warranted this view of the subject.

It appears that James McNaught and Thomas Durand, at the time of the latter's death, were equal owners, as tenants in common, of the land in question; that Durand died intestate in August, 1847, leaving Francis P. Durand and Elizabeth McNaught, his only children, and Tilla Bedford, a grand-child, who respectively inherited a third of the undivided half of said premises. Some time between 1850 and 1854, Elizabeth McNaught conveyed her interest to her brother, Francis P. Durand, who in 1855 conveyed his entire interest, being then one-third of the whole, or two-thirds of the half, to John B. Smith. The latter, in 1856, executed to Thomas Allwood a warranty deed for an undivided two-thirds of the entire tract, when, as it will be perceived, he really owned but one-third. In June, 1866, Allwood executed a similar deed to appellant, purporting to convey a like interest in the premises, under which appellant has had exclusive possession ever since. Appellee has, by *mesne* conveyances, succeeded to the half interest of James McNaught, and the sixth interest of the grand-child, Tilla Bedford. The evidence satisfactorily shows that appellant, and those through whom he claims, have been in the actual possession of the premises, and have paid all taxes thereon, for a longer period than is necessary

to make a good title under the Limitation act of 1839, and if the color of title under which he and they have held possession and paid the taxes was co-extensive with his claim of title, we have no doubt his title would be good to the whole of the premises; but such is not the case. The deeds under which he claims purport to convey but two-thirds of the property. To this extent he has shown a good title under the Limitation act of 1839, but no further, for nothing can be better settled than that under that act the color of title must be co-extensive with the claim of title.

So far this case presents no difficulty whatever. The only questions in it about which there is any doubt, are: First, whether the appellant, and those through whom he claims, were in the actual possession of the whole of the premises for a period of twenty years or more before the commencement of this suit; second, assuming they were, was that possession so adverse and hostile in its character as to amount to a constructive ouster of the other co-tenants, and thereby put the twenty years' limitation act in motion. As already seen, the court below by its decree must have found adversely to appellant upon one or the other of these questions, which necessarily defeated his claim to the extent made. The evidence relating to the extent and character of the possession relied on by appellant is both voluminous and conflicting,— too much so, indeed, to justify an attempt on our part to discuss it in detail. Suffice it to say, that after a very careful examination of it we are unable to say that the conclusion reached by the lower court is not warranted by the evidence.

This branch of the case was not free from doubt, but the whole of the evidence considered, we think the decree is correct, and it will therefore be affirmed.

*Decree affirmed.*

This case was originally assigned to Mr. Justice Dickey. No opinion having been written by him before his death, the record was re-assigned at the November term, 1885.